Filed 5/15/14  P. v. Izaldo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN CARLOS IZALDO,<br><br>    Defendant and Appellant. | G049110<br><br>(Super. Ct. No. R00112)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

Defendant Juan Carlos Izaldo was sentenced to a 16-month prison term for the unlawful taking of a vehicle. (Veh. Code, § 10851, subd. (a)). He was released from prison to post-release community supervision on December 24, 2011. (Pen. Code, § 3451, subd. (a).)

Defendant did not do well on community supervision. Upon his release from prison, he failed to report to the probation department as required. Then he was arrested for a violation of Health and Safety Code section 11377, subdivision (a), and served a 10-day flash incarceration. Upon his release from the flash incarceration, he told his probation officer he would be entering a Salvation Army program the following day for treatment of his drug addiction. But he never showed up, nor did he contact his probation officer. He was again arrested; he admitted the violation and was sentenced to a 90-day jail term with custody credits of 20 days. He once again failed to report to probation. Instead, within three days of his release, he was arrested for two separate assaults. On January 15, 2013, defendant pleaded guilty to those charges and received a three-year state prison sentence. Some eight and one-half months later, the petition for revocation of his post-release community supervision was heard; the court found he was in violation of his post release supervision, sentenced him to 180 days, gave him custody credits of 180 days, and, on motion of defendant, terminated his post-release community supervision, on the ground that he would be serving the three-year prison sentence.

Defendant appealed the order revoking his post release community supervision and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court he was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given the opportunity to file written argument in his own behalf, but he has not done so.

Defendant's appellate counsel has suggested we review the record to determine whether the court erred in rejecting an affidavit of prejudice defendant filed under Code of Civil Procedure section 170.6. But by filing a brief pursuant to *People v.*

2

*Wende*, *supra*, 25 Cal.3d 436, counsel represents that after a thorough review of the record, he was unable to identify an arguable issue.  We disregard the potential issue suggested by counsel because, by the very nature of a *Wende* brief, counsel is unable to provide supporting arguments.  Issues not supported by reasoned argument need not be addressed.  (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2.)  In any event, in the course of conducting our independent review, we have considered the potential issue suggested by counsel and conclude, as did he, that it is not arguable.

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.